IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIK GARCIA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TAQUERIA LA PERLA DE JALISCO INC. )<br>and HARTMAN SPE, LLC, )<br>)<br>Defendants. ) | CIVIL ACTION<br><br>FILE No. |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants TAQUERIA LA PERLA DE JALISCO INC. and HARTMAN SPE, LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing,

1

grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, TAQUERIA LA PERLA DE JALISCO INC. (hereinafter "TAQUERIA LA PERLA DE JALISCO INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

8. Defendant, TAQUERIA LA PERLA DE JALISCO INC., may be properly served with process via its registered agent for service, to wit: M & A Bookkeeping and Tax Svc., Registered Agent, 8876 Gulf Frwy, Houston, TX 77017.

9. Defendant, HARTMAN SPE, LLC (hereinafter "HARTMAN SPE, LLC"), is a Virginia company that transacts business in the State of Texas and within this judicial district.

10. Defendant, HARTMAN SPE, LLC, may be properly served with process via its registered agent for service, to wit: Mark T. Torok, Registered Agent, 2909 Hillcroft, Suite 420, Houston, TX 77057.

**FACTUAL ALLEGATIONS**

11. On or about August 11, 2019, Plaintiff was a customer at "La Perla de Jalisco Taqueria" a business located at 5020 FM 1960 Road W, Houston, TX 77069, referenced herein as "La Perla de Jalisco".

12. La Perla de Jalisco is operated by Defendant, TAQUERIA LA PERLA DE JALISCO INC.

13. TAQUERIA LA PERLA DE JALISCO INC. is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates La Perla de Jalisco.

14. HARTMAN SPE, LLC is the owner or co-owner of the real property and improvements that La Perla de Jalisco is situated upon and that is the subject of this action, referenced herein as the "Property."

15. Plaintiff's access to the business(es) located 5020 FM 1960 Road W, Houston, TX 77069, Harris County Property Appraiser's account number 1131680000012 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, TAQUERIA LA PERLA DE JALISCO INC. and HARTMAN SPE, LLC, are compelled to remove the physical barriers to access and correct the ADA violations that exist at La Perla de Jalisco and the Property, including those set forth in this Complaint.

16. Plaintiff has visited La Perla de Jalisco and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting La Perla de Jalisco and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and La Perla de Jalisco and the Property is accessible again. The

purpose of the revisit is to be a regular customer, to determine if and when La Perla de Jalisco and the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

17. Plaintiff intends on revisiting La Perla de Jalisco and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18. Plaintiff travelled to La Perla de Jalisco and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at La Perla de Jalisco and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the La Perla de Jalisco and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education,

4

|     |     |
| --- | --- |
|     | transportation, communication, recreation, institutionalization, health services, voting, and access to public services; |
| (iv) | individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and |
| (v) | the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity. |

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24. La Perla de Jalisco is a public accommodations and service establishment.

25. The Property is a public accommodation and service establishment.

26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28. La Perla de Jalisco must be, but is not, in compliance with the ADA and ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed La Perla de Jalisco and the Property in his capacity as a customer of La Perla de Jalisco and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at La Perla de Jalisco and the Property that preclude and/or limit his access to La Perla de Jalisco and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit La Perla de Jalisco and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at La Perla de Jalisco and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at La

Perla de Jalisco and the Property that preclude and/or limit his access to La Perla de Jalisco and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Defendants, TAQUERIA LA PERLA DE JALISCO INC. and HARTMAN SPE, LLC, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of La Perla de Jalisco and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Defendants, TAQUERIA LA PERLA DE JALISCO INC. and HARTMAN SPE, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, TAQUERIA LA PERLA DE JALISCO INC. and HARTMAN SPE, LLC, are compelled to remove all physical barriers that exist at La Perla de Jalisco and the Property, including those specifically set forth herein, and make La Perla de Jalisco and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to La Perla de Jalisco and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of La Perla de Jalisco and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) Near Unit A-19 the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii) Near Unit A-19, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iii) There are two accessible parking spaces across the vehicular way from La Perla de Jalisco that do not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(iv) There are two accessible parking spaces across the vehicular way from La Perla de Jalisco that are not located on the shortest accessible route from the accessible parking spaces to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property.

(v) There are two accessible parking spaces across the vehicular way from La Perla de Jalisco that are missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(vi) The accessible parking space near Unit A12 is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(vii) The ramp near Unit A12 has side flares with a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(viii) There is an excessive vertical rise along the accessible route or path near Unit A12 in violation of Section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(ix) The Property has a ramp leading from the accessible parking space near Unit A1 to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(x) There is an excessive vertical rise along the ramp near Unit A1 in violation of Section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(xi) There is at least one access aisle near Unit A1 that has excessive vertical rise and is in violation of Section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xii) Inside Taqueria La Perla De Jalisco, there are sales and services counters lacking any portion of the counter that has a maximum height of 36 inches from the

finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Property.

(xiii) Inside Taqueria La Perla De Jalisco, the bar is lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor in violation of Section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation made it difficult for Plaintiff to enjoy the unique eating experience at the bar.

(xiv) As there are two buildings on the Property, both of which are public accommodations, yet the Property lacks an accessible route connecting accessible facilities, accessible buildings, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access public features of the Property.

(xv) Defendants fails fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS IN TAQUERIA LA PERLA DE JALISCO**

(i) The paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(ii) The controls on the faucets require turning of the wrists in violation of Section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

(iii) The restroom lacks adequate clear floor space for the sink due to the placement of the paper towel dispenser, trash can and the air hand dryer directly in front of the sink, in violation of Section 606.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff to safely utilize the restroom facilities.

(iv) The accessible toilet stall door is not self-closing and violates Section 604.8.2.1 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

35. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at La Perla de Jalisco and the Property.

36. Plaintiff requires an inspection of La Perla de Jalisco and the Property in order to determine all of the discriminatory conditions present at La Perla de Jalisco and the Property in violation of the ADA.

37. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38. All of the violations alleged herein are readily achievable to modify to La Perla de Jalisco and the Property into compliance with the ADA.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at La Perla de Jalisco and the Property is readily achievable because the nature and cost of the modifications are relatively low.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at La Perla de Jalisco and the Property is readily achievable

because Defendants, TAQUERIA LA PERLA DE JALISCO INC. and HARTMAN SPE, LLC, have the financial resources to make the necessary modifications. According to the Property Appraiser's web site for the Property, the market value for the Property is listed at $5,760,790.00.

41. Upon information and good faith belief, La Perla de Jalisco and the Property have been altered since 2010.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, TAQUERIA LA PERLA DE JALISCO INC. and HARTMAN SPE, LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at La Perla de Jalisco and the Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, TAQUERIA LA PERLA DE JALISCO INC. and HARTMAN SPE, LLC.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, TAQUERIA LA PERLA DE JALISCO INC. and HARTMAN SPE, LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants,

TAQUERIA LA PERLA DE JALISCO INC. and HARTMAN SPE, LLC, to modify La Perla de Jalisco and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, TAQUERIA LA PERLA DE JALISCO INC., in violation of the ADA and ADAAG;

(b) That the Court find Defendant, HARTMAN SPE, LLC, in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, TAQUERIA LA PERLA DE JALISCO INC. and HARTMAN SPE, LLC, from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, TAQUERIA LA PERLA DE JALISCO INC. and HARTMAN SPE, LLC, to (i) remove the physical barriers to access and (ii) alter the subject La Perla de Jalisco and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: December 12, 2019.

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 3182479

13

The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com